CARL E. STEWART, Circuit Judge,
specially concurring:
I concur in the majority opinion and its affirmance of the district court’s grant of the Madison County School District’s motion for unitary status. I nonetheless write separately to highlight the significant and sensitive issues raised in this appeal.
When this lawsuit began in 1969, racial isolation of students was fostered by a de jure system of racial segregation. Indeed, Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), and its progeny were primarily concerned with rooting out racial isolation and the accompanying pernicious effects it has on children. Here, the district court concluded and our panel affirms that the Madison County School District has achieved unitary status even though it is undisputed that many black students, particularly those in Zone I, continue to attend schools that are racially isolated. Further, hundreds of black students who have exercised their prerogative not to attend racially isolated schools will no longer be able to do so once federal court supervision ends, and the majority-to-minority transfer program with it. While the record provides a detailed account of the many obstacles that prevent the existence of fully integrated schools — such as the confluence of the geography and demography in the district— the cruel irony is that racial isolation, albeit not as the product of de jure segregation, largely remains as foreboding and potentially deleterious as it was when federal court supervision began. Of course, this case is only the latest indication that despite the societal progress that has been made in dismantling systems of segrega *306 tion, many of the concerns highlighted in Brown still remain as viable today as when that opinion was first authored.
Justice Kennedy recently observed: “This Nation has a moral and ethical obligation to fulfill its historical commitment to creating an integrated society that ensures equal opportunity for all its children.” Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1, — U.S.-, 127 S.Ct. 2738, 2797, 168 L.Ed.2d 508 (2007) (Kennedy, J., concurring). Despite the grant of unitary status, this commitment undeniably remains unfulfilled in Madison County.
Unquestionably, there have been substantial efforts on the part of the district and all the parties involved to create a unitary school district while also ameliorating the effects of the de jure segregation that was in place for so many decades. Moreover, it is encouraging that the school district avowed to the district court that even after unitary status is granted, it will remain committed to improving any disparities between the facilities at majority-black and majority-white schools and providing resources targeted at improving learning and teaching opportunities at Zone I and similarly-situated schools. I take these overtures to bespeak a continuing good faith effort on the part of the district to seek out creative and effective remedies that are designed at maximizing educational opportunities for all its students. Hopefully, the difficulties inherent in this challenge will not hinder the district from moving closer to fully meeting the promises of Brown.